**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **WILSON KENNEDY WALKER,**<br>*Plaintiff,*<br>v.<br>**BRAKEBUSH HARTWELL, LLC,**<br>*Defendant.* | **CIVIL ACTION NO.**<br>**3:26-cv-00176-TES** |

**ORDER**

Pro se Plaintiff Wilson Kennedy Walker commenced this civil action on November 18, 2026, by filing a complaint [Doc. 1] and moving for leave to proceed *in forma pauperis* ("IFP")—that is, without prepaying fees and costs. [Doc. 2]. District courts may allow a plaintiff to file a lawsuit without prepaying fees and costs under 28 U.S.C. § 1915. That statute states, in relevant part,

> [A]ny court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). An application is sufficient to warrant a waiver of fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Upon review of

Plaintiff's Motion, the Court **GRANTS** him leave to proceed IFP. [Doc. 2].

Since Plaintiff is proceeding IFP, the Court reviews his complaint to see if it is frivolous or malicious or fails to state a claim on which relief may be granted. § 1915(e)(2). The Eleventh Circuit has determined that "§ 1915(e) . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that § 1915(e) dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints").

More specifically, to survive this initial review, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Operating on the assumption that the factual allegations in the complaint are true, such dismissal procedure streamlines litigation by dispensing with unnecessary discovery and

factfinding. *Id.* However, a complaint will survive under Rule 12(b)(6) if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft*, 556 U.S. at 678–79).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Neitzke*, 490 U.S. at 326. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds [under § 1915(e)(2)(B)(ii)] is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

Finally, in conducting its review, the Court bears in mind that pleadings filed by pro se parties are construed liberally, and their allegations are held to a less stringent standard than formal ones drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th

Cir. 2003). That leniency, though, does not give the Court license to serve as de facto counsel for a plaintiff or to rewrite deficient allegations so that they state plausible claims. *See GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). With that, the Court turns to Plaintiff's complaint. [Doc. 1].

Plaintiff brings an employment discrimination claim against Defendant Brakebush Hartwell, LLC under Title VII of the Civil Rights Act. [Doc. 1, p. 1]; 42 U.S.C. §§ 2000e *et seq*. In support of this claim, Plaintiff alleges that he "reported conduct that [he] believed was discriminatory to management and cooperated in the company's investigation." [Doc. 1, p. 7]. Defendant placed Plaintiff under investigation, removed him from work, and ultimately terminated him. [*Id.*]. Plaintiff "believe[s] Defendant's actions were based on [his] race (African American) and were in retaliation for reporting the matter to management." [*Id.*].

Bearing in mind that Plaintiff is not required to specifically allege a prima facie case of employment discrimination in his complaint, he still must allege more than what he has currently asserted. *See Davis v. Mia.-Dade Cnty.*, No. 23-12480, 2024 WL 4051215, at *3 (11th Cir. Sept. 5, 2024) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)). Two sentences of factual allegations and one sentence of Plaintiff's beliefs about Defendant's motivations is simply not sufficient. The Court, therefore, **ORDERS** Plaintiff to **RECAST** his complaint within 14 days of this order to provide more factual

allegations.

Plaintiff should provide truthful, factual allegations elaborating further on the events underlying his complaint. Plaintiff may continue to use the Court's standard form as he did for his current complaint but may attach pages to the end if necessary. On his recast complaint, Plaintiff must include this civil action number: 3:26-cv-00176-TES.

Plaintiff should bear in mind that his recast complaint will take the place of and *supersede* his current complaint. *Green v. Smith*, No. 5:22-cv-00298-TES-CHW, 2022 WL 22898666, at *4 n.1 (M.D. Ga. Oct. 21, 2022). Once Plaintiff submits his recast complaint, the Court will conduct its review under § 1915. There shall be no service of process in this case until further order from the Court.

**SO ORDERED**, this 25th day of November, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**